# UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 11, 2006

Memo To Counsel Re: Seaton White, III, et. al. v. Irwin Union Bank and Trust Company,
et al., Civil No. JFM-06-CV-429

Dear Counsel:

At the July 19 hearing in this case, I indicated that I was inclined to deny Plaintiffs'
motion to remand and grant Defendants' motion to dismiss. I gave both parties a chance to file a
supplemental letter on the applicability of the Alternative Mortgage Transaction Parity Act
("AMTPA"). Defendants submitted a letter on July 23, and plaintiffs have not responded. My
opinion has not changed – in fact, Defendants' submission strengthens my opinion that § 27 of
the Federal Deposit Insurance Act ("FDIA") completely preempts the claim in Count I of
Plaintiffs' complaint. Therefore I am denying the motion to remand and granting the motion to
dismiss, in a separate order, with the understanding that the parties will proceed to arbitration. I
write here to explain briefly the reasons for my holding.

As a preliminary matter, I do *not* find that Plaintiffs' amended complaint contains federal
claims on its face besides those "made federal" based on complete preemption of Maryland law
regulating prepayment fees. Plaintiffs' original complaint contained other federal claims, but the
amended complaint successfully removed all reference to other loan charges, so that Plaintiffs
now only assert claims based on Defendants' collection of prepayment fees.

I agree with Defendants that § 27 of the FDIA completely preempts state usury claims
against federally insured state banks like Irwin Bank. *See In re Community Bank of Northern
Virginia*, 418 F.3d 277, 295 (3d Cir. 2005) ("§ 521 of DIDA completely preempts any state law
attempting to limit the amount of interest and fees a federally insured-state chartered bank can
charge"); *Discover Bank v. Vaden*, 409 F. Supp. 2d 632, 635-36 (D. Md. 2006) (Section 27
completely preempts Maryland state law claims for excessive interest and loan fees). The cases
Plaintiffs cite to the contrary are inapposite. In *Partin v. Cableview, Inc.*, 948 F. Supp. 1046,
1049 (S.D. Ala. 1996), the court based its holding on a determination that the Supreme Court
later held was incorrect. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003). In
*Saxton v. Capital One Bank*, 392 F. Supp. 2d 772, 782-83 (S.D. Miss. 2005), the court offered
little analysis of the preemption question because it held, as a preliminary matter, that the
complaint did not in fact assert usury claims. I find the reasoning in *In re Community Bank* and
*Discover Bank* persuasive; it simply makes sense to interpret identical language in § 27 of the
FDIA and § 85 of the National Bank Act ("NBA") identically.

I also agree with Defendants that because prepayment fees are treated as interest under
the NBA, they should be treated as interest under § 27 of the FDIA. Defendants cannot point to

a case that has specifically adopted this position, but they do offer persuasive authority in the form of an opinion by the General Counsel of the Federal Deposit Insurance Corporation ("FDIC") and an Interpretive Letter by the Office of the Comptroller of the Currency ("OCC"). *See* FDIC General Counsel's Opinion No. 10, Defs.' Opp'n, Ex. A; OCC Interpretive Letter No. 744, Defs.' Opp'n, Ex. B.  In addition, case law supports the contention that § 27 of the FDIA should be read in *pari materia* with § 85 of the NBA.  *See, e.g., Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 826-27 (1st Cir. 1992) (noting that Congress made a "conscious choice" to incorporate the language of § 85 of the NBA into § 521 of the DIDA, in order to "level the playing field between federally chartered and state-chartered banks").

Two arguments put forth in Plaintiffs' July 11 brief merit comment.  First, Plaintiffs argue that they do not challenge "the legality of the rate of interest charged by Irwin" but rather they assert that "the various interest fees were not disclosed, were unwarranted, were based on charges that were themselves improper, and in short, should never have been charged at all." Pls.' Supplemental Mem. at 8.  The "gravaman" of their Amended Complaint, they say, is that Irwin Bank "misrepresented" the nature and cost of its services.  *Id.*  If this were true, and Plaintiffs were challenging the way in which Irwin levied prepayment fees rather than Irwin's right to levy prepayment fees, I might agree that there is no complete preemption and remand is appropriate.  However, this is not what Plaintiffs are doing.  The Amended Complaint alleges that Irwin "violated Maryland law when [it] imposed, charged, collected and received" prepayment fees.  Am. Compl. ¶ 48; *see also* ¶¶ 81-82.  The "misrepresentation" Plaintiffs complain about is the fact that Irwin failed to tell Plaintiffs that it was illegal under Maryland law to charge prepayment fees on secondary mortgage loans.  *Id.* ¶ 49.  Moreover, addenda to the loan agreements, signed by Plaintiffs, clearly indicate prepayment fees will be charged under certain circumstances.

Second, Plaintiffs assert that complete preemption is precluded by amendments to the AMTPA, which the Office of Thrift Supervision ("OTS") adopted in 2002.  It is undisputed that the loans at issue in this case were not alternative mortgage transactions.  Further, as a state-chartered commercial bank, Irwin is subject to regulation by the OCC, not the OTS.  *See Nat'l Home Equity Mortgage Ass'n v. Office of Thrift Supervision*, 271 F. Supp. 2d 264, 274 (D.D.C. 2003) ("[W]hile OCC identifies regulations for state-commercial banks, and NCUA does so for state-chartered credit unions, OTS identifies regulations for all other state-chartered housing creditors.  In other words, the three agencies do not identify regulations that apply to the same institutions . . .") ; *see also* 12 U.S.C. § 3803(a)(1).

A separate order is being entered herewith.

Very truly yours,

/s/


J. Frederick Motz
United States District Judge